# EXHIBIT A



**null / ALL**
**Transmittal Number: 30255798**
**Date Processed: 11/13/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Anne Troupis Monsanto<br>Bayer U.S. LLC<br>800 N Lindbergh Blvd<br>Saint Louis, MO 63167-1000 |

| | |
|---|---|
| **Entity:** | Bayer U.S. LLC<br>Entity ID Number  2486747 |
| **Entity Served:** | Bayer U.S. LLC |
| **Title of Action:** | Beyer, Aaron vs. Bayer U.S. LLC |
| **Matter Name/ID:** | Beyer, Aaron vs. Bayer US LLC (16486953) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Riverside County Superior Court, CA |
| **Case/Reference No:** | CVME2404347 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/12/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Shegerian & Associates, Inc.<br>310-860-0770 |
| **Client Requested Information:** | Filed Date: 10/25/2024 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**EXHIBIT A - PAGE 10**

Electronically FILED by Superior Court of California, County of Riverside on 10/25/2024 05:03 PM
Case Number CVME2404347 0000109566242 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Angello, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Bayer U.S. LLC, and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Aaron Beyer

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Riverside County Superior Court - Menifee Justice Center
27401 Menifee Center Dr.
Menifee, California 92584

**CASE NUMBER:** *(Número del caso):*
CVME2404347

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Carney R. Shegerian, Esq. | SBN 150461     (310) 860-0770
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard, Los Angeles, California 90049

**DATE:** *(Fecha)* 10/25/2024

Clerk, by *(Secretario)* _____, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [✓] on behalf of *(specify):* BAYER U.S. LLC

    under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
           [✓] other *(specify):*
4. [✓] by personal delivery on *(date):*

GC6815O(g)

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**EXHIBIT A - PAGE 9**

Electronically FILED by Superior Court of California, County of Riverside on 10/25/2024 05:03 PM
Case Number CVME2404347 0000109566241 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Angello, Clerk

Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
John David, Esq., State Bar No. 341707
JDavid@Shegerianlaw.com
Anthony C. Pirro, Esq., State Bar No. 356174
APirro@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number:        (310) 860 0770
Facsimile Number:        (310) 860 0771

Attorneys for Plaintiff,
AARON BEYER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF RIVERSIDE, CENTRAL DISTRICT

| | |
|---|---|
| AARON BEYER,<br><br>     Plaintiff,<br><br>vs.<br><br>BAYER U.S. LLC, and DOES 1 to 100, inclusive,<br><br>     Defendants. | Case No.:  CVME2404347<br><br>**PLAINTIFF AARON BEYER'S COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) DISCRIMINATION IN VIOLATION OF THE FEHA;**<br><br>**(2) HOSTILE WORK ENVIRONMENT HARASSMENT IN VIOLATION OF THE FEHA;**<br><br>**(3) RETALIATION IN VIOLATION OF THE FEHA;**<br><br>**(4) FAILURE TO PROVIDE REASONABLE ACCOMMODATION IN VIOLATION OF THE FEHA;**<br><br>**(5) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA;**<br><br>**(6) FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, OR RETALIATION IN VIOLATION OF FEHA;**<br><br>**(7) CFRA LEAVE RETALIATION;**<br><br>**(8) INTERFERENCE WITH CFRA** |

LEAVE;

(9) **NEGLIGENT HIRING, SUPERVISION, AND RETENTION;**

(10) **WRONGFUL TERMINATION OF EMPLOYMENT IN VIOLATION OF PUBLIC POLICY;**

(11) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

**DEMAND FOR JURY TRIAL**

PLAINTIFF'S COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

Page

SUMMARY ....................................................................................................... 1

PARTIES............................................................................................................. 1

VENUE ............................................................................................................... 3

FACTS COMMON TO ALL CAUSES OF ACTION ....................................... 4

FIRST CAUSE OF ACTION ............................................................................. 8

Discrimination on the Bases of Race, Color, Medical Status and/or Disability, Ancestry, and/or National Origin (Violation of Government Code § 12900, *et seq.*) Against BAYER U.S. LLC; and Does 1 to 100, Inclusive ............................. 8

SECOND CAUSE OF ACTION ........................................................................ 9

Hostile Work Environment Harassment on the Bases of Race, Color, Ancestry, and/or National Origin, Medical Status and/or Disability (Violation of Government Code § 12900, *et seq.*) Against BAYER U.S. LLC; and Does 1 to 100, Inclusive.......................................................................................... 9

THIRD CAUSE OF ACTION ............................................................................ 10

Retaliation for Engaging in Protected Activity (Violation of Government Code § 12900, *et seq.*) Against BAYER U.S. LLC; and Does 1 to 100, Inclusive......................................................................................................... 10

FOURTH CAUSE OF ACTION ........................................................................ 11

Failure to Provide Reasonable Accommodation (Violation of Government Code § 12940(a), (i), (m), (n)) Against BAYER U.S. LLC; and Does 1 to 100, Inclusive......................................................................................................... 11

FIFTH CAUSE OF ACTION ............................................................................. 13

Failure to Engage in Interactive Process (Violation of Government Code § 12940(a), (i), (m), (n)) Against BAYER U.S. LLC; and Does 1 to 100, Inclusive......................................................................................................... 13

SIXTH CAUSE OF ACTION ............................................................................ 14

Failure to Prevent Discrimination, Harassment, or Retaliation (Violation of Government Code § 12900, *et seq.*) Against BAYER U.S., LLC; and Does 1 to 100, Inclusive.......................................................................................... 14

SEVENTH CAUSE OF ACTION ...................................................................... 15

CFRA Leave Retaliation (Violation of Government Code § 12900, *et seq.*) Against BAYER U.S., LLC; and Does 1 to 100, Inclusive ...................... 15

-i-

EIGHTH CAUSE OF ACTION ........................................................................ 16

Interference with CFRA Leave (Violation of Government Code §§ 12900, *et seq.*) Against BAYER U.S., LCC; and Does 1 to 100, Inclusive............................ 16

NINTH CAUSE OF ACTION .......................................................................... 17

Negligent Hiring, Supervision, and Retention (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038) Against BAYER U.S. LLC; and Does 1 to 100, Inclusive ....... 17

TENTH CAUSE OF ACTION .......................................................................... 18

Wrongful Termination of Employment in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167) Against BAYER U.S. LLC; and Does 1 to 100, Inclusive.................................................................... 18

ELEVENTH CAUSE OF ACTION ................................................................. 19

Intentional Infliction of Emotional Distress (*Hughes v. Pair* (2009) 46 Cal.4th 1035) Against BAYER U.S. LLC; and Does 1 to 100, Inclusive ........................... 19

PRAYER................................................................................................. 20

-ii-

# TABLE OF AUTHORITIES

**Page**

## Cases

*Brown v. Superior Court* (1984) 37 Cal.3d 477 ................................................................. 3

*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038 ......................................................... 17

*Hughes v. Pair* (2009) 46 Cal.4th 1035 ............................................................................ 19

*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921 ........................................ 3

*Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167 ................................................... 18

## Statutes

Civil Code § 3294 ........................................................................................................... 1, 7

Code of Civil Procedure § 1021.5 .................................................................................. 1, 19

Code of Civil Procedure § 1032 ........................................................................................ 19

Code of Civil Procedure § 3291 ........................................................................................... 1

Code of Civil Procedure § 474 ............................................................................................. 1

Government Code § 72055 ................................................................................................. 20

Government Code §§ 12900-12996 ............................................................................ passim

Government Code §§ 12945.1-12945.2 ......................................................... 4, 15, 16, 17

Labor Code § 1102.5 .................................................................................................... 1, 18

Plaintiff, Aaron Beyer, alleges, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This is an action by plaintiff, Aaron Beyer ("plaintiff" or "Beyer"), whose employment with defendant Bayer U.S. LLC ("Bayer") was wrongfully terminated. Plaintiff brings this action against defendants for economic, non-economic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Government Code section 12965(b), Labor Code section 1102.5(j), and Code of Civil Procedure section 1021.5.

## PARTIES

1. *Plaintiff:* Plaintiff Beyer is, and at all times mentioned in this Complaint was, a resident of the County of Riverside, California.

2. *Defendants:* Defendant Bayer U.S. LLC, is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Riverside. Defendants' place of business, where the following causes of action took place, was and is in the County of Riverside, at 27792 Elderberry St, Murrieta, California 92562. Defendant Bayer U.S. LLC ("defendant" or "Bayer") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Anthony Temesvary is, and at all times mentioned in this Complaint was, a resident of Riverside County, California. Defendant Anthony Temesvary ("defendant" or "Temesvary") is, and at all times mentioned in this Complaint was, a supervisor with defendants. Defendant Temesvary is, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

3. *Doe defendants:* Defendants Does 1 to 100, inclusive, are sued under fictitious

-1-
PLAINTIFF'S COMPLAINT FOR DAMAGES

names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

4. *Relationship of defendants:* All defendants compelled, coerced, aided, and/or abetted the discrimination, retaliation, and harassment alleged in this Complaint, which conduct is prohibited under California Government Code section 12940(i). All defendants were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

5. Defendant Bayer both directly and indirectly employed plaintiff Beyer, as

defined in the Fair Employment and Housing Act ("FEHA") at Government Code section 12926(d).

6.  In addition, defendant Bayer compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

7.  Finally, at all relevant times mentioned herein, all defendants acted as agents of all other defendants in committing the acts alleged herein.

## VENUE

8.  The actions at issue in this case occurred in the State of California, in the County of Riverside.  Under the California Fair Employment and Housing Act, this case can alternatively, at Plaintiff's choice, be filed:

> [I]n a county in which the department has an office, *in a county in which unlawful practices are alleged to have been committed*, in the county in which records relevant to the alleged unlawful practices are maintained and administered, in the county in which the person claiming to be aggrieved would have worked or would have had access to public accommodation, but for the alleged unlawful practices, in the county of the defendant's residence or principal office. . . (Italics and bolding added)

(California Government Code § 12965(b).)

9.  Here, the plaintiff worked primarily in California in the County of Riverside. The location where plaintiff worked was located in Murrieta, California. The majority of the unlawful actions on the part of the defendants occurred at said Murrieta location.

10.  "[I]n the absence of an affirmative showing to the contrary, the presumption is that the county in which the title of the actions shows that the case is brought is, prima facie, the proper county for the commencement and trial of the action." (*Mission Imports, Inc. v. Superior Court* (1982) 31 Cal.3d 921, 928.) The FEHA venue statute – section 12965(b) – thus affords a wide choice of venue to persons who bring actions under FEHA. (*Brown v. Superior Court* (1984) 37 Cal.3d 477, 486.) "[T]he special provisions of the FEHA venue statute control in cases involving FEHA claims joined with non-FEHA claims arising from the same facts." (*Id*. at 487.)

## FACTS COMMON TO ALL CAUSES OF ACTION

11. *Plaintiff's hiring:* Beyer was hired on or around May 2021 by Beyer U.S. LLC as a Cardio Renal Sales Consultant.

12. *Plaintiff's job performance:* At all times, Beyer performed his job duties in an exemplary manner and never once received a negative performance review or write-up. Beyer reported directly to Temesvary, which was under Bayer's leadership.

13. *Plaintiff's protected status and activity:*

    a.  Beyer is male.

    b.  Beyer suffers from a disability.

    c.  Beyer's disability required him to take protected leave under the California Family Rights Act ("CFRA").

    d.  Beyer made protected complaints.

    e.  Beyer is Jewish.

14. *Defendants' adverse employment actions and behavior:*

    a.  In or around August 2021, Beyer was diagnosed with Stage II Testicular cancer. The following day, Beyer informed Temesvary, ***"I need to start chemo next Monday. I can work Monday to Thursday but I will require medical leave."*** Beyer submitted the necessary documents to HR.

    b.  In or around August 2021, Beyer went out on CFRA leave for his medical condition/disability and was approved by HR. During Beyer's medical leave Temesvary was responsible for covering Beyer's territory and maintaining working relationships with the doctors. While Beyer was on medical leave, Temesvary's efforts in covering the territory resulted in a significant decline of business. This became a material issue for Temesvary both logistically and professionally. Temesvary's displeasure was observed by others through his lack of patience and resentment towards Beyer.

    c.  In or around January 2022, Beyer returned to work without accommodations. At this time, Beyer spoke to Temesvary regarding a possible accommodation. Beyer asked, ***"I would like to request that I can spend the night in my territories. I live in***

*Murrieta and my territory is Palm Spring. It's almost a 2-hour drive and I have to do it every day. I signed up when I was healthy but I didn't know I would be so tired until I had the chemo. I'm exhausted all the time."* This became an ongoing discussion over several months with no resolution.

      d.  From February 2022 to October 2023, Beyer would spend nights in his territory. Temesvary would tell Beyer, *"You have to keep your dinner meals under $80."* However, company policy was allowed $50 per diem for breakfast and $150 per dinner. Resulting in Beyer having to pay out of pocket for his dinner because he required particular types of food per his treatment plan. When Beyer asked where in company policy does it say he had to keep his meals under $80, Temesvary would combatively respond, *"You just can't do that!"* This issue persisted throughout Beyer's employment and never reached a resolution.

      e.  In or around February 2022, Temesvary told staff, *" I don't care what you do just get the sales. Break the rules if you can. Call the providers."* Beyer explained there were some providers they were not allowed to contact per company policy but Temesvary affirmatively told staff *"do whatever it takes*." Beyer did as instructed and would meet doctors in the parking lot so they didn't get in trouble. At times Temesvary would join Beyer in the meetings with the doctors. This was concerning to Beyer.

      f.  In or around September 2023, Beyer was diagnosed with non-malignant skin cancer stage I. Beyer informed Temesvary via a telephone call. Temesvary put the call on speakerphone and started to laugh and mockingly said *"You have cancer all over. Don't ya?"* Beyer told Temesvary he would require surgery and would need some time off once he receives the finalized details from the doctor. Temesvary failed to respond.

15.  *Defendants' termination of plaintiff's employment:*

      a.  In or around October 2023, HR called Beyer, *"We are calling you regarding charges on your spending report."* Beyer informed HR he sent his reports to Temesvary. HR responded, *"Specially this lunch you had with Dr. Bashir. Can you explain how you had lunch?"* Beyer informed HR he contacted Dr. Bashir days prior and Dr. Bashir

PLAINTIFF'S COMPLAINT FOR DAMAGES

EXHIBIT A - PAGE 21

requested samples from Beyer. Beyer went to Dr. Bashir to provide the samples and Beyer provided lunch. HR responded, *"We called his office and spoke to them, and they claim you didn't have lunch with them."* Beyer calmly explained it was true he did not have lunch with the staff but met with Dr. Bashir, he signed for my samples, he requested lunch, and had the text messages to confirm. HR denied the need for the text messages. Beyer said, *"I have proof of the exact order."*

16.   HR vehemently responded, *"You didn't have lunch with Dr. Bashir."* Beyer said, *" I spoke to Dr Bashir and gave him samples that he signed for. We spoke about the product and I asked him to have the staff sign because I can't go inside the office, and he took the sign in sheet, and came back with signatures. I gave him the food and left."*. HR continued to accuse Beyer, *"The staff never remembers having any food. We called and they said no".* In response to the HR's guilty until proven innocent approach, Beyer texted Dr. Bashir to confirm whether he received the food. *"Did you get food"?* Dr. Bashir, *"Yes".* Beyer, *"Are these your staff's signature"?* Dr Bashir, *"Yes".* Beyer responded to Dr. Bashir, *"They will fire me. The lunch I gave you they said you didn't get the food".* Dr Bashir, *"What do you mean? Yes we had lunch".* Beyer called HR back, *"I have texts".*

17.   HR was convinced and continued to accuse Beyer of wrongdoing which they responded, *"We are terminating your for not being truthful."*

18.   30 minutes later Seth Hoffman called Beyer back, *"We are terminating you for misuse of company funds, falsifying signatures and breaking company policy".* Beyer was shocked and in disbelief from the exchange.

19.   *Economic damages:* As a consequence of defendants' conduct, plaintiff has suffered and will suffer harm, including lost past and future income and employment benefits, damage to his career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial.

20.   *Non-economic damages:* As a consequence of defendants' conduct, plaintiff has

suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

21. *Punitive damages:* Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles plaintiff to an award of exemplary and/or punitive damages.

a. *Malice:* Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) defendants acted with intent to cause injury to plaintiff and/or acted with reckless disregard for plaintiff's injury, including by terminating plaintiff's employment and/or taking other adverse job actions against plaintiff because of his age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints, and/or (b) defendants' conduct was despicable and committed in willful and conscious disregard of plaintiff's rights, health, and safety, including plaintiff's right to be free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

b. *Oppression:* In addition, and/or alternatively, defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that defendants' actions against plaintiff because of his age, disability, medical leave, race, national origin, ancestry, pregnancy, gender, sexual orientation, and/or good faith complaints were "despicable" and subjected plaintiff to cruel and unjust hardship, in knowing disregard of plaintiff's rights to a work place free of discrimination, harassment, retaliation, abuse of the requirements of accommodation and engaging in the interactive process, and wrongful employment termination.

c. *Fraud:* In addition, and/or alternatively, defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that defendants asserted false (pretextual) grounds for terminating plaintiff's employment and/or other adverse job actions, thereby to cause plaintiff hardship and deprive him of legal rights.

22. *Attorneys' fees:* Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

23. *Exhaustion of administrative remedies:* Prior to filing this action, plaintiff exhausted his administrative remedies by filing a timely administrative complaint with the California Civil Rights Department ("CCRD"), formerly known as the Department of Fair Employment and Housing ("DFEH"), and receiving a CCRD/DFEH right-to-sue letter.

## FIRST CAUSE OF ACTION
## **Discrimination on the Bases of Race, Color, Medical Status**
## **and/or Disability, Ancestry, and/or National Origin**
## **(Violation of Government Code § 12900, *et seq.*)**
### **Against BAYER U.S. LLC; and Does 1 to 100, Inclusive**

24. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

25. At all times herein mentioned, FEHA, Government Code section 12940, *et seq.,* was in full force and effect and was binding on defendants. This statute requires defendants to refrain from discriminating against any employee because but not limited to he or she is more than 40 years old or because of the employee's race, color, disability, ancestry, and/or national origin, medical status and/or disability.

26. Plaintiff's age, disability, and/or other characteristics protected by FEHA, Government Code section 12900, *et seq.,* were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

27. As a proximate result of defendants' willful, knowing, and intentional discrimination against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

28. As a proximate result of defendants' willful, knowing, and intentional discrimi-

-8-

nation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

29.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

30.  Defendants' discrimination was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## SECOND CAUSE OF ACTION
### Hostile Work Environment Harassment on the Bases of Race, Color, Ancestry, and/or National Origin, Medical Status and/or Disability (Violation of Government Code § 12900, *et seq.*)
**Against BAYER U.S. LLC; and Does 1 to 100, Inclusive**

31.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

32.  At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants.  This statute requires defendants to refrain from harassing any employee because he or she is more than 40 years old or because of the employee's race, color, disability, ancestry, or national origin, medical status and/or disability.

33.  Plaintiff was subjected to harassing conduct through a hostile work environment, in whole or in part on the bases of plaintiff's age, race, color, ancestry, national origin, medical status, disability and/or other protected characteristics, in violation of Government Code sections 12940(j) and 12923.

34.  Pursuant to Government Code section 12923(b), a single incident of harassing

conduct is sufficient to create a hostile work environment if the harassing conduct has unreasonably interfered with plaintiff's work performance or created an intimidating, hostile, or offensive working environment.

35.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

36.   As a proximate result of defendants' willful, knowing, and intentional harassment of plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

37.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965 (b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

38.   Defendants' harassment was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

### THIRD CAUSE OF ACTION
### Retaliation for Engaging in Protected Activity
### (Violation of Government Code § 12900, *et seq.*)
### Against BAYER U.S. LLC; and Does 1 to 100, Inclusive

39.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

40.   At all times herein mentioned, FEHA, Government Code section 12940, *et seq.*, was in full force and effect and was binding on defendants. This statute requires defendants to refrain from retaliating against any employee making complaints or opposing discrimination, harassment, or retaliation, or otherwise engaging in activity protected by the FEHA, including for seeking to exercise rights guaranteed under FEHA and/or assisting and/or participating in an investigation, opposing defendants' failure to provide

PLAINTIFF'S COMPLAINT FOR DAMAGES

rights, including rights to complain and to assist in a lawsuit, and/or the right to be free of retaliation, in violation of Government Code section 12940(h).

41.   Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, or retaliation, in violation of Government Code section 12940(h), were substantial motivating reasons in defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff.

42.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

43.   As a proximate result of defendants' willful, knowing, and intentional retaliation against plaintiff, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

44.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965 (b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

45.   Defendants' retaliation was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

## FOURTH CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation

### (Violation of Government Code § 12940(a), (i), (m), (n))

### Against BAYER U.S. LLC; and Does 1 to 100, Inclusive

46.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

-11-
PLAINTIFF'S COMPLAINT FOR DAMAGES

47.   At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants.  This statute requires defendants to provide reasonable accommodations to known disabled employees. Within the time provided by law, plaintiff filed an administrative complaint with the California Civil Rights Department ("CCRD"), formerly known as the Department of Fair Employment and Housing ("DFEH"), and receiving a CCRD/DFEH right-to-sue letter.

48.   Defendants wholly failed to attempt any reasonable accommodation of plaintiff's known disability. Defendants used plaintiff's disability and his need to take medical leave as an excuse for terminating plaintiff's employment.

49.   Plaintiff believes and on that basis alleges that his disability and the need to accommodate his disability were substantial motivating factors in defendants' termination of his employment.

50.   As a proximate result of defendants' willful, knowing, and intentional miscon-duct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

51.   As a proximate result of defendants' willful, knowing, and intentional miscon-duct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

52.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

53.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

///

///

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES

# FIFTH CAUSE OF ACTION

## Failure to Engage in Interactive Process

## (Violation of Government Code § 12940(a), (i), (m), (n))

## Against BAYER U.S. LLC; and Does 1 to 100, Inclusive

54.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

55.  At all times herein mentioned, FEHA, Government Code section 12940(a), (i), (m), and (n), was in full force and effect and was binding on defendants. This statute requires defendants to engage in a timely, good faith interactive process to accommodate known disabled employees. Within the time provided by law, plaintiff filed a complaint with the California Civil Rights Department  ("CCRD"), formerly known as the Department of Fair Employment and Equal Housing ("DFEH") , in full compliance with administrative requirements, and received a right-to-sue letter.

56.  Defendants wholly failed to engage in a timely, good-faith interactive process with plaintiff to accommodate his known disabilities. Instead, defendants terminated plaintiff's employment in part because of his disabilities.

57.  Plaintiff believes and on that basis alleges that his disability was a motivating factor in defendants' termination of his employment.

58.  As a proximate result of defendants' willful, knowing, and intentional miscon-duct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

59.  As a proximate result of defendants' willful, knowing, and intentional miscon-duct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

60.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

61.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent,

despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

### SIXTH CAUSE OF ACTION

**Failure to Prevent Discrimination, Harassment, or Retaliation**

**(Violation of Government Code § 12900, *et seq.*)**

**Against BAYER U.S., LLC; and Does 1 to 100, Inclusive**

62.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

63.   At all times herein mentioned, FEHA, Government Code section 12940(k), was in full force and effect and was binding on defendants. This statute states that it is an unlawful employment practice in California for an employer "to fail to take all reasonable steps necessary to prevent discrimination and harassment from occurring."

64.   During the course of plaintiff's employment, defendants failed to prevent their employees from engaging in intentional actions that resulted in plaintiff being treated less favorably because of plaintiff's age, race, color, ancestry, and/or national origin, medical status and/or disability, and/or or because plaintiff had engaged in protected activity.

65.   Plaintiff believes that he was subjected to discrimination, harassment and retaliation because of his age, race, color, ancestry, national origin, medical status and/or disability, and/or protected activity.

66.   As a proximate result of defendants' willful, knowing, and intentional miscon-duct, plaintiffs have sustained and continue to sustain substantial losses of earnings and other employment benefits.

67.   As a proximate result of defendants' willful, knowing, and intentional misconduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

68.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable

attorneys' fees and costs (including expert costs) in an amount according to proof.

69.   Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

### SEVENTH CAUSE OF ACTION
### CFRA Leave Retaliation
### (Violation of Government Code § 12900, *et seq.*)
### Against BAYER U.S., LLC; and Does 1 to 100, Inclusive

70.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

71.   At all times mentioned herein, the CFRA, Government Code section 12900, *et seq.,* was in full force and effect and was binding on Defendants.

72.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.,* and defendants committed unlawful employment practices, including by the following, separate bases for liability:

a.   Interfering with, restraining, or denying the exercise of, or the attempt to exercise, plaintiff taking protected CFRA leave and/or other protected characteristics, in violation of Government Code section 12940(t);

b.   Taking adverse employment actions against the plaintiff, such as discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against plaintiff, in whole or in part on the basis of plaintiff's taking protected CFRA leave, in violation of Government Code sections 12940(a), 12940(h), and 12945.2(l);

c.   Retaliating against plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, in whole or in part on the basis of plaintiff's taking protected CFRA leave, in violation of Government Code sections 12940(a), 12940(h), and 12945.2(l); and

d.  Failing to provide plaintiff with requisite statutory leave, violating notice and/or other procedural requisites of leave, and/or retaliating against plaintiff for taking leave, in violation of Government Code section 12945.2.

73.  Plaintiff believes, and on that basis alleges, that his CFRA leave was a substantial motivating factor in Defendants' employees' discrimination, harassment, and retaliation against him.

74.  As a proximate result of Defendants' willful, knowing, and intentional miscon-duct, plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits.

75.  As a proximate result of Defendants' willful, knowing, and intentional miscon-duct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

76.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Government Code section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

77.  Defendants' misconduct was committed intentionally, in a malicious, oppressive, and/or fraudulent manner, and this entitles plaintiff to punitive damages against Defendants.

## EIGHTH CAUSE OF ACTION

### Interference with CFRA Leave

### (Violation of Government Code §§ 12900, *et seq.*)

### Against BAYER U.S., LCC; and Does 1 to 100, Inclusive

78.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

79.  *Government Code* section 12945.2(t) states that it is an unlawful employment practice in California for an employer to "interfere with, restrain, or deny the exercise of, or the attempts to exercise, any right provided under this section."

PLAINTIFF'S COMPLAINT FOR DAMAGES

80.   Defendants interfered with, restrained, and/or otherwise denied plaintiff his right and/or attempt to exercise his right to take protected CFRA leave.

81.   Defendants' conduct, as alleged, violated FEHA, and Defendants committed unlawful employment practices, including by interfering with, restraining, and/or denying plaintiff's right, and/or attempt to exercise his right, to take protected CFRA leave, in violation of *Government Code* section 12945.2(t).

82.   As a proximate result of Defendants' willful, knowing, and intentional interference with plaintiff's protected CFRA leave, he has sustained and continues to sustain substantial losses of earnings and other employment benefits.

83.   As a proximate result of Defendants' willful, knowing, and intentional interference with plaintiff's protected CFRA leave, he has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

84.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to *Government Code* section 12965(b), plaintiff is entitled to recover reasonable attorneys' fees and costs (including expert costs) in an amount according to proof.

85.   Defendants' misconduct was committed intentionally, in a malicious, despicable, fraudulent, and/or oppressive manner, entitling plaintiff to punitive damages against defendants.

## NINTH CAUSE OF ACTION
### Negligent Hiring, Supervision, and Retention
### (*Doe v. Capital Cities* (1996) 50 Cal.App.4th 1038)
### Against BAYER U.S. LLC; and Does 1 to 100, Inclusive

86.   The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

87.   Defendants owed a duty of care to plaintiff to appoint, hire, retain, and supervise persons who would not engage in retaliatory, harassing, or discriminatory conduct.

1  Defendants owed a duty of care to plaintiff not to retain managers or employees who

2  would discriminate against, harass, or retaliate against employees for engaging in pro-

3  tected activities. Defendants owed a duty of care to plaintiff to supervise their managers

4  and employees closely to ensure that they would refrain from harassing and retaliating

5  against plaintiff.

6      88.  Defendants breached these duties. As a result, defendants caused damages to

7  plaintiff. As a proximate result of defendants' negligent hiring, retention, and supervision

8  of their managers and employees, plaintiff has suffered and continues to suffer damages,

9  including losses of earnings and benefits, according to proof.

10

11  <strong>TENTH CAUSE OF ACTION</strong>

12  <strong><u>Wrongful Termination of Employment in Violation of Public Policy</u></strong>

13  <strong><u>(<em>Tameny v. Atlantic Richfield Co.</em> (1980) 27 Cal.3d 167)</u></strong>

14  <strong>Against BAYER U.S. LLC; and Does 1 to 100, Inclusive</strong>

15      89.  The allegations set forth in preceding paragraphs are re-alleged and incorporated

16  herein by reference.

17      90.  Defendants terminated plaintiff's employment in violation of various funda-

18  mental public policies underlying both state and federal laws. Specifically, plaintiff's

19  employment was terminated in part because of his protected status (*i.e.,* age, race, color,

20  national origin, ancestry, medical status and/or disability, and/or protected activity). These

21  actions were in violation of, but not limited to, the FEHA, the California Constitution,

22  Government Code section 12900, *et seq.*, and California Labor Code section 1102.5.

23      91.  As a proximate result of defendants' wrongful termination of plaintiff's em-

24  ployment in violation of fundamental public policies, plaintiff has suffered and continues

25  to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to

26  his damage in a sum according to proof.

27      92.  As a result of defendants' wrongful termination of his employment, plaintiff has

28  suffered general and special damages in sums according to proof.

93.  Defendants' wrongful termination of plaintiff's employment was done intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages.

94.  Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, *et seq.,* plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

**ELEVENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(*Hughes v. Pair* (2009) 46 Cal.4th 1035)**

**Against BAYER U.S. LLC; and Does 1 to 100, Inclusive**

95.  The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

96.  Defendants' discriminatory, harassing, and retaliatory actions against plaintiff constituted extreme and outrageous misconduct and caused plaintiff severe emotional distress. Defendants were aware that treating plaintiff in the manner alleged above, including depriving plaintiff of his livelihood, would devastate plaintiff and cause him extreme hardship.

97.  As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer severe emotional distress.  Plaintiff has sustained and continues to sustain substantial losses of earnings and other employment benefits as a result of being emotionally distressed.

98.  As a proximate result of defendants' extreme and outrageous conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

99.  Defendants' misconduct was committed intentionally, in a malicious, fraudulent, despicable, and/or oppressive manner, and this entitles plaintiff to punitive damages against defendants.

-19-

PLAINTIFF'S COMPLAINT FOR DAMAGES

## PRAYER

WHEREFORE, plaintiff, Aaron Beyer, prays for judgment against defendants as follows:

1. For general and special damages according to proof;
2. For exemplary damages, according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For declaratory relief;
7. For such other and further relief as the Court may deem just and proper;

ADDITIONALLY, plaintiff, Aaron Beyer, demands trial of this matter by jury. The amount demanded exceeds $35,000.00 (Government Code § 72055).

Dated: October 25, 2024            SHEGERIAN & ASSOCIATES, INC.

By: _____
Anthony C. Piro, Esq.

Attorneys for Plaintiff,
AARON BEYER

-20-

PLAINTIFF'S COMPLAINT FOR DAMAGES

Electronically FILED by Superior Court of California, County of Riverside on 10/25/2024 05:03 PM
Case Number CVME2404347 0000109566243 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Angello, Clerk

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Carney R. Shegerian, Esq. | SBN 150461<br>SHEGERIAN & ASSOCIATES, INC.<br>11520 San Vicente Boulevard, Los Angeles, California 90049<br>TELEPHONE NO.: *(310) 860-0770*   FAX NO.: *(310) 860-0771*<br>EMAIL ADDRESS: CShegerian@ShegerianLaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Aaron Beyer | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **RIVERSIDE**
STREET ADDRESS: 27401 Menifee Center Dr.
MAILING ADDRESS: 27401 Menifee Center Dr.
CITY AND ZIP CODE: Menifee 92584
BRANCH NAME: Riverside County Superior Court - Menifee Justice Center

CASE NAME:
Beyer v. Bayer U.S. LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>CVME2404347 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Eleven (11) Causes of Action
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: October 25, 2024

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME)                          ► *(signature)* Carney R. Shegerian
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**EXHIBIT A - PAGE 3**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic
    relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

**EXHIBIT A - PAGE 38**

Electronically FILED by Superior Court of California, County of Riverside on 10/25/2024 05:03 PM
Case Number CVME2404347 0000109586244 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Angello, Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

| | | | |
|---|---|---|---|
| ☐ | **BANNING** 311 E. Ramsey St., Banning, CA 92220 | ☐ | **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553 |
| ☐ | **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ | **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563 |
| ☐ | **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ | **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☒ | **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584 | ☐ | **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

**RI-CI032**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)* | FOR COURT USE ONLY |
|---|---|
| Carney R. Shegerian, Esq. | SBN 150461<br>SHEGERIAN & ASSOCIATES, INC.<br>11520 San Vicente Boulevard<br>Los Angeles, California 90049<br><br>TELEPHONE NO: (310) 860-0770    FAX NO. *(Optional):* (310) 860-0771<br>E-MAIL ADDRESS *(Optional):* CShegerian@ShegerianLaw.com<br>ATTORNEY FOR *(Name):* Plaintiff, Aaron Beyer | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: Aaron Beyer | |
| DEFENDANT/RESPONDENT: Bayer U.S. LLC, et al. | CASE NUMBER:<br>CVME2404347 |

### CERTIFICATE OF COUNSEL

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: _____ 92562 _____

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date _October 25, 2024_____

Carney R. Shegerian, Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ (SIGNATURE)

Page 1 of 1

**EXHIBIT A - PAGE 39**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**   CVME2404347

**Case Name:**   BEYER vs BAYER U.S. LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Angel M. Bermudez in Department M301 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 11/01/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

J. Angello, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2404347

**Case Name:**    BEYER vs BAYER U.S. LLC

CARNEY RICHARD SHEGERIAN
11520 SAN VICENTE BOULEVARD
Los Angeles, CA 90049

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/01/2025 | 8:30 AM | **Department M301** |
| Location of Hearing: 27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

**EXHIBIT A - PAGE 41**




| | |
|---|---|
| Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/01/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

J. Angello, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

**EXHIBIT A - PAGE 42**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2404347

**Case Name:**    BEYER vs BAYER U.S. LLC

JOHN M. DAVID
11520 SAN VICENTE BOULEVARD
Los Angeles, CA 90049

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/01/2025 | 8:30 AM | Department M301 |
| Location of Hearing: 27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

**EXHIBIT A - PAGE 43**

 Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

 Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/01/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:  _____
J. Angello, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2404347

**Case Name:**    BEYER vs BAYER U.S. LLC

ANTHONY PIRRO
11520 SAN VICENTE BOULEVARD
Los Angeles, CA 90049

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/01/2025 | 8:30 AM | Department M301 |
| Location of Hearing: 27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

**EXHIBIT A - PAGE 45**

 Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

 Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/01/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

J. Angello, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2404347

**Case Name:**    BEYER vs BAYER U.S. LLC

AARON BEYER

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|:---:|:---:|:---:|
| 05/01/2025 | 8:30 AM | Department M301 |
| Location of Hearing: | | |
| 27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

**EXHIBIT A - PAGE 47**




Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/01/2024

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

J. Angello, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

**EXHIBIT A - PAGE 48**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**     CVME2404347

**Case Name:**     BEYER vs BAYER U.S. LLC

BAYER U.S. LLC

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 05/01/2025 | 8:30 AM | Department M301 |
| Location of Hearing: 27401 Menifee Center Drive, Menifee, CA 92584 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 538 5472 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

**EXHIBIT A - PAGE 49**

 Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

 Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 11/01/2024                           JASON B. GALKIN,
                                            Court Executive Officer/Clerk of the Court

                                      by: _____
                                            J. Angello, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

**EXHIBIT A - PAGE 50**

Notice has been printed for the following Firm/Attorneys or Parties: CVME2404347

SHEGERIAN, CARNEY RICHARD
11520 SAN VICENTE BOULEVARD
Los Angeles, CA 90049

DAVID, JOHN M.
11520 SAN VICENTE BOULEVARD
Los Angeles, CA 90049

PIRRO, ANTHONY
11520 SAN VICENTE BOULEVARD
Los Angeles, CA 90049

BEYER, AARON

BAYER U.S. LLC

EXHIBIT A - PAGE 51

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*

## *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**   Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

---

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

**EXHIBIT A - PAGE 52**

Arbitration may be appropriate when the parties:
- ≤   want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- ≤   do not want to risk going through both arbitration and trial (Judicial Arbitration)
- ≤   do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - ≤ Your preferences for mediation or arbitration.
   - ≤ Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- ≤ The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- ≤ Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

**EXHIBIT A - PAGE 53**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

| | |
|---|---|
| ☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225 | ☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563 |
| ☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882 | ☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262 |
| ☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553 | ☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| | |
| TELEPHONE NO:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |
| | CASE MANAGEMENT CONFERENCE DATE(S): |

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
### (CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration    ☐ Other (describe): _____

Proposed date to complete ADR: _____

## SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Page 1 of 1
Statutory Authority
riverside.courts.ca.gov/localforms/localfrms.shtml

**EXHIBIT A - PAGE 54**